

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL LAMONT HUBBARD, )
)
    Plaintiff, )
)
v. ) 1:11CV00716
)
TRAVIS D. BOHMAN, et. al., )
)
    Defendant. )
)

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on May 8, 2013 was served on the parties in this action. Plaintiff filed objections to the Recommendation [Doc. # 36] and Defendant responded [Doc. # 37].

The Court has conducted a de novo review of Defendant's Motion for Summary Judgment [Doc. # 21], and the Court hereby **ADOPTS** the Magistrate Judge's Recommendation granting the Defendant's Motion for Summary Judgment [Doc. # 32].

Plaintiff's Section 1983 claim challenging the search and entry of his house is barred by a three year statute of limitations and must be dismissed. Plaintiff concedes that a three year statute of limitations applies to this matter [Doc. # 26, pg. 4]. It is well settled that the accrual date of a Section 1983 cause of action occurs when the Plaintiff has a "complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388

(2007) (quotations and citations omitted). The accrual date for a claim alleging illegal entry and search is the date of entry of by the police. The incident sued upon occurred January 25, 2007, and the present action was not filed until over four and one-half years later on September 8, 2011. Thus, a three year statute of limitations applies to bar Plaintiff's claim of illegal entry and search.

Plaintiff's claim against defendants for malicious prosecution also must be dismissed because probable cause existed for Defendant Starling to believe that Plaintiff had committed the offenses of cocaine trafficking and being an ex-felon in possession of a firearm. See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (discussing that a lack of probable cause for the charge is a necessary element of a malicious prosecution claim). At the time he charged Plaintiff, Defendant Starling knew Plaintiff had a prior felony conviction for drug dealing. Furthermore, Plaintiff does not dispute that he was caught standing in his kitchen in the presence of a visible quantity of cocaine and a handgun [Doc. # 22, exhibit 3-1]. Plaintiff's malicious prosecution claim must be dismissed because of the presence of probable cause for the charges.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 21] is **GRANTED** and that this action is **DISMISSED**.

This the 11th day of June, 2013.

Senior United States District Judge

-2-